IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
03 APR 18 PM 5:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

ROBERT C. GILL, )
)
Petitioner, )
)
v. ) CIVIL ACTION NO. 02-S-2904-NE
)
WARDEN STEVE BULLARD and )
THE ATTORNEY GENERAL OF )
THE STATE OF ALABAMA, )
)
Respondents. )

ENTERED
APR 18 2003

## MEMORANDUM OPINION

On March 17, 2003, the magistrate judge assigned this matter entered a report and recommendation finding that the present application for a writ of habeas corpus is due to be dismissed because it is barred by the applicable statute of limitations. *See* 28 U.S.C. § 2244(d). (Doc. 9). On March 21, 2003, the petitioner filed a pleading captioned "Petitioner's Response to the Respondent's Answer." (Doc. 10). The court will treat this pleading as the petitioner's objections to the magistrate judge's report and recommendation.[1] On April 1, 2003, the petitioner filed a second pleading that he captioned as an "Objection to Magistrate's Recommendation." (Doc. 11).

The court has considered the entire file in this action together with the report and recommendation and the petitioner's response and objection and has reached an independent conclusion that the report and recommendation is due to be adopted and approved. The court hereby adopts and approves the findings and recommendation of the magistrate judge as the

---

[1] Were this court to treat the pleading as a response to the respondent's answer, it would be untimely. The petitioner had until March 2, 2003, to file a reply to the respondent's answer. (*See* Doc. 8).

findings and conclusions of the court.

To the extent that the petitioner argues that his petition is timely filed because he did not obtain all the necessary information from the Circuit Court Clerk for Morgan County until July 3, 2001, the court finds this insufficient under the circumstances. (Doc. 10, p. 3). The petitioner challenges his 1994 indictment in this action. He and his counsel would have had a copy of his indictment in 1994. He pled guilty to the indictment on May 3, 1994. Thus, the delay in raising this issue is not justified.

The court further finds that the magistrate judge correctly concluded that even if the petition was not barred by the statute of limitations, his claims are due to be denied on the merits. The fact that the indictment, which charged that the petitioner did "sell, furnish, or give" a controlled substance to another, did not include the words "manufactures, delivers or distributes a controlled substance" is not significant in this case. Alabama has made it clear that the offense of unlawfully distributing a controlled substance may be committed by any of the alternative means specified in the statute. *See Rose v. State*, 598 So. 2d 1040, 1042-43 (Ala. Crim. App. 1992).[2] Thus, his claim is without merit.

In accord with the report and recommendation, this petition for writ of habeas corpus is due to be denied and dismissed. An appropriate order will be entered.

DONE, this 18th day of April, 2003.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The relevant statute previously provided that "[a] person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he sells, furnishes, gives away, manufactures, delivers or distributes a controlled substance...." ALA. CODE § 13A-12-211(a) (1987). It was amended in 2001 to provide that "[a] person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he or she sells, furnishes, gives away, delivers, or distributes a controlled substance...." ALA. CODE § 13A-12-211(a) (2001).